IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Everson B. Souza, | ) | C.A. No.:  6:24-cv-63-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| Prudential Insurance Company of | ) | |
| America, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable

Court as follows:

I.

Plaintiff is a citizen and resident of New York.

II.

Defendant is an insurance company organized and existing pursuant to the laws of

one of the States of the United States, and which does business in Greenville, South Carolina.

III.

In this matter, Plaintiff seeks long term disability benefits from the Defendant ERISA

plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this

matter based upon a federal question.

IV.

Until May 2021, Plaintiff was employed with JPMorgan Chase Bank, N.A. and as an

employee of JPMorgan Chase Bank, N.A., Plaintiff was provided with long term disability

insurance coverage via a plan which was sponsored by his employer and insured by

Defendant.

V.

Plaintiff became disabled because of certain problems from which he suffered.

Plaintiff was forced to cease working and he filed a claim for long term disability benefits

with the plan.

VI.

Defendant denied Plaintiff's claim.  Plaintiff appealed the denial and attempted to

fully exhaust administrative remedies, but Defendant has failed and refused to allow Plaintiff

to meaningfully exhaust administrative remedies because it refused to provide Plaintiff

documents relevant to her claim and to consider important evidence Plaintiff tried to provide.

Defendant did issue a final decision denying Plaintiff's claim, but did so while specifically

refusing to consider important evidence Plaintiff was gathering.  Defendant did not allow

Plaintiff a reasonable period of time to review the administrative record and gather and

submit evidence in support of his claim in violation of 29 C.F.R. § 2560.503-1.  Accordingly,

further attempts to exhaust administrative remedies are futile.

VII.

The claim decision maker made its claim decisions while operating under a conflict of

interest which significantly influenced it to deny Plaintiff's claim and to refuse to consider

important evidence provided by Plaintiff.  The decision was not based upon substantial

evidence or the result of a principled and reasoned decision-making process.  Instead, the

decision was reached by deliberately refusing to consider relevant evidence pertaining to

Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions.

Accordingly, the decision maker operated under a conflict of interest which improperly and significantly influenced its claim decision.

## FOR A FIRST CAUSE OF ACTION

### VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

### IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and the evidence Plaintiff intended to provide to Defendant, but which Defendant failed to consider in reaching its final claim decision, and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which he seeks under the terms of the plan.  Plaintiff tried to submit the evidence he wished to have considered, but Defendant failed to allow Plaintiff a reasonable period to do so.  Also, the court should conduct a *de novo* review of Plaintiff's claim including documents the plan administrator alleges it did not consider because the plan administrator's refusal to consider the information was a breach of fiduciary duty and further attempts to exhaust administrative remedies are futile.  Alternatively, in the event that the court reviews the record and/or other relevant information and determines that the Defendant breach its fiduciary duty and/or abused its discretion by not considering all of Plaintiff's submissions, then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary

Defendant.  Should the court remand the matter or award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated his complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the long term disability benefits he seeks pursuant to 29 U.S.C. §1132(a)(1)(B) and/or a remand of his claim, attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ Nathaniel W. Bax
Nathaniel W. Bax, Esq.
Federal Bar #:  09835
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, SC 29605
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:  nbax@fosterfoster.com

Date: January 5, 2024                    Attorneys for Plaintiff